[No. 21349. Department Two. February 1, 1929.]

MARTHA GREELEY, *Appellant*, v. AETNA LIFE INSURANCE COMPANY, *Respondent*.[1]

*Chas. W. Johnson* and *Raleigh P. Swanner*, for appellant.

*J. Speed Smith* and *Henry Elliot, Jr.*, for respondent.

[1]Reported in 274 Pac. 106.

PARKER, J.—Mrs. Greeley seeks recovery as beneficiary upon two certificates of life insurance issued by the defendant insurance company to her deceased son, while he was an employee of the Northern Pacific Railway Company, under two group life insurance policies, issued by the insurance company to the railway company, insuring the lives of certain of its employees. Trial upon the merits in the superior court for King county, sitting without a jury, resulted in findings and judgment denying recovery upon the certificates, from which Mrs. Greeley has appealed to this court.

This disposition of the case was by the trial court rested upon the theory that the insured had ceased to be an employee of the railway company, and that the railway company thereby acquired the right to cause the cancellation, and did effectually cause the cancellation, of the certificates insuring his life, over two months prior to his death.

On October 1, 1924, the insurance company issued to the railway company two group insurance policies, insuring the lives of certain of its employees. In connection with and under these group policies, the insurance company issued certificates to certain individual employees, evidencing their respective insurance in effect while in the employ of the railway company. Two of such certificates were issued to Mrs. Greeley's son while in the employ of the railway company. These certificates are the same in all respects, except as to amount of insurance. Each contains a provision, as follows:

"This insurance may be terminated whenever said employee for any reason whatsoever ceases to be in the employ of the Northern Pacific Railway Company," and contains a further provision that it is issued under and subject to the terms and conditions of the group policies. Each of the group policies contains provisions as follows:

"The employer may effect cancellation of insurance upon any employee insured hereunder upon or at any time after termination of employment. . . . The insurance of any employee insured under this policy shall cease to be in force at the end of the policy month in which employment terminated. . . . Temporary lay-off or leave of absence shall not be considered as termination of employment for the purpose of this insurance unless the employer shall so elect."

In February, 1927, the insured, while employed as a conductor by the railway company, became involved in a state intoxicating liquor law violation, for which he was adjudged guilty and sentenced to serve ninety days in the county jail and to pay a fine. On February 28, 1927, the insured ceased to work for the railway company. On March 8, 1927, the superintendent of the railway company notified the insurance company of the insured's having ceased to work for the railway company, and demanded cancellation of the certificates of insurance issued to the insured. The insurance company thereupon caused such cancellation to be made upon its records. On March 14, 1927, the superintendent of the railway company gave to the insured written notice as follows:

"You are hereby notified that you are relieved from service, pending a formal investigation which will be held in my office at 9:30 a. m., Wednesday, March 16th. You are charged with being an undesirable employe, specifically for violation of liquor laws, to wit: On the 25th day of February, 1927, you were arrested for possessing, with intent to sell the same, about twelve gallons of whiskey, and on March 1st, after pleading guilty to the offense above described, you were sentenced to serve a period of ninety days in the county jail and to pay a fine of $500."

The hearing thus accorded to the insured was continued to May 31, 1927, he being unable to be present at an early date because of the serving of his jail

sentence. On that day a hearing was had, the insured being present. At the conclusion of the hearing on that day, the insured was orally notified by the superintendent of his decision against the insured, and that such decision would be confirmed by letter. On the following day, June 1, 1927, the insured was notified, in writing, by the superintendent, as follows:

"Your testimony substantiates the charge made against you as set forth in letter notice of March 14th, 1927. . . . It is therefore my decision that you are permanently relieved from the service."

The insured died June 11, 1927.

█ It is plain that the railway company had the right and power, upon the termination of the employment of the insured, to cause his insurance certificates to be cancelled; and that it did effectually so cause such cancellation because of the termination of his employment as of February 28, 1927, the last day he performed services for the company, if his employment was effectually terminated by the written notice of March 14th.

Was that an effectual termination of the employment of the insured? To state the facts as above summarized, which are shown beyond dispute, it seems to us is sufficient argument leading to the conclusion that the employment of the insured was effectually terminated by the written notice of March 14, 1927, in any event for the purpose of enabling the railway company to cause cancellation of the certificates of insurance, since it had the right to elect to cause such cancellation, even though that employment termination might be held to be only temporary.

We are also of the opinion that the hearing awarded to him later was but a furnishing to him of an opportunity to make a showing looking to his reinstatement, rather than for the purpose of determining whether

or not he should be finally discharged, and that therefore the railway company was fully warranted in causing his insurance to be cancelled, as for final termination of his employment, by the notice of March 14th. All that occurred after March 14th, it seems to us, was but in confirmation of that employment termination, and did not constitute the termination of his employment at a later date. The employment of the insured having terminated, and the insurance certificate having been effectually cancelled, over two months prior to the death of the insured, there cannot be any recovery thereon.

The judgment is affirmed.

FRENCH, MAIN, and FULLERTON, JJ., concur.